## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ANDRE WINSTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **No.: 20-cv-4115-JBM** |
| | ) | |
| **L. SIMKUS  et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>MERIT REVIEW</u>

Plaintiff, proceeding *pro se*, and currently detained at the Illinois River Correctional Center ("IRCC"), files a complaint under 42 U.S.C §1983, alleging that he was deprived of his personal property. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  n reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).

Plaintiff is a prolific litigator, having filed 21 cases in the last six years. Here, Plaintiff alleges that on an unidentified date, he was released from disciplinary "Close Management." When Plaintiff was to have his property returned to him, including his nexa radio, Ms. Wood refused to return it, characterizing it as a stereo as it had a detachable speaker. Plaintiff does not name. Ms. Wood as a Defendant, indicating that he has filed a separate claim against her. Undeterred, Plaintiff submitted an authorization to purchase a new nexa radio which was approved by Defendant Simkus. When the radio arrived at Rushville, it was identified as "excess property." and returned to sender. Plaintiff asserts that he was shocked by this, undergoing

physical and nervous disturbances of his equilibrium. He claims violations of the First, Fourth and Fourteenth Amendment, including procedureal and substantive due process as well as s violations of equal protection.

Here, however, Plaintiff Attempts to proceed on the claim that he was unconstitutionally deprived of personal property.  It is clear, however, that the unauthorized deprivation of personal property does not amount to a constitutional violation if there is an adequate state post-deprivation remedy available. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir. 1999), *cert. denied,* 529 U.S. 1134 (2000). Illinois state courts provides a remedy for the taking of property while the Illinois Court of Claims provides a remedy for damage to property. *Sorrentino v. Godinez*, 777 F.3d 410, 413–14 (7th Cir. 2015). Either way, if "*some* Illinois forum is available" plaintiff must file in state court so as to "give[] the state a chance to provide compensation." Until then, the claim is not ripe. *Id*. at 413-14 (emphasis in original).

This case is DISMISSED, though the dismissal will be without prejudice "so that plaintiff may avail himself "of whatever procedures may still be available under Illinois law." *Id*. at 414.

**IT IS THEREFORE ORDERED:**

Plaintiff's Complaint is DISMISSED without prejudice to Plaintiff pursuing his claims in the Illinois Courts. All internal deadlines and pending matters are rendered MOOT.


  _10/28/2020_                             _____s/Joe Billy McDade_____
ENTERED                                        JOE BILLY McDADE
                                               UNITED STATES DISTRICT JUDGE